IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 8:02CR437 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| CESAR CARANSA-TORRES, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 97), filed by the defendant Cesar Caransa-Torres.

## FACTUAL BACKGROUND

Caransa-Torres pleaded guilty to four counts of the Indictment charging him with: conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of cocaine and marijuana (Count I); possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count III); possession with intent to distribute a mixture or substance containing a detectable amount of cocaine (Count IV); and criminal forfeiture (Count V). (Filing No. 44). Defendant's attorney filed an objection to the Presentence Investigation Report (PSR) challenging the report's suggested base offense level and role enhancement. (Filing No. 56). This Court sustained both of defense counsel's objections, (Filing No. 57) and sentenced Caransa-Torres to 121 months with the Bureau of Prisons, and 5 years of supervised release on Counts I and III and 3 years

supervised release on IV and V to be served concurrently.  (Filing No. 65).  On appeal, counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and argued that the sentencing guidelines and applicable statutory minimum terms of imprisonment violate the Separation of Powers Doctrine and the Eighth Amendment.  The Eighth Circuit Court of Appeals rejected defendant's argument and affirmed this Court's judgment. (Filing No. 94).

In his § 2255 Motion, defendant contends that he received ineffective assistance of counsel because his attorney failed to request a downward departure based on the provisions of the safety valve. (Filing No. 97).  Upon Initial review, this Court ordered the Government to file an Answer responding to defendant's motion.  (File No. 98).  The Government filed its Answer on February 17, 2005.  (Filing No. 103).

## ANALYSIS

The Sixth Amendment to the United States Constitution guarantees that an accused shall have "the assistance of counsel for his defense."  U.S. Const. amend. VI.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984).  Under this framework, Caransa-Torres has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by a showing that his attorney's performance fell "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently."  *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690).  Moreover, Caransa-Torres must overcome the "strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 487 U.S. at 689.

A defendant is eligible for sentencing in accordance with the provisions in the safety valve set forth in 18 U.S.C. § 3553 (f)(1)-(5) and U.S.S.G. § 5C1.2 if he can establish that:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapons (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. section 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. . .

Here, the government contends that the defendant failed to satisfy the fifth element for safety valve eligibility because he did not truthfully provide the Government with all information in his possession. Defendant's attorney Michael Bianchi filed an affidavit contending that he talked with Caransa-Torres about proffering with the government on several occasions, and that each time Caransa-Torres refused the notion of proffering. (Filing No. 103). Furthermore, defendant himself admits that his attorney advised him to cooperate fully with the government but that he did not out of fear of retaliation. (Filing No. 105).

Based on this record, the defendant has failed to meet his burden and establish that his counsel was ineffective. Defendant's self-serving statements that if he knew about the potential for a two-point downward departure under the provisions of the safety-valve he would have made a full and truthful proffer to the government are insufficient to establish that his attorney's performance fell below the minimum standards of professional competence. These statements are clearly contradicted not only by Mr. Bianchi's affidavit, but by defendant's own brief in support of his § 2255 motion. (Filing No. 105). Furthermore, the record shows that Mr. Bianchi zealously advocated for his client, and successfully advocated for a reduction in defendant's sentence beyond what was originally anticipated by counsel and defendant.

For all the reasons stated above, defendant has failed to establish any basis for characterizing his attorney's actions as ineffective.

Moreover, defendant has failed to establish that he was prejudiced by his attorney's actions. It is within the government's discretion to determine whether a defendant has truthfully provided it with all of the information in its possession. Here, the government determined that defendant failed to provide the requisite information.

IT IS ORDERED:

1. Defendant's "Motion to Vacate, Set Aside, or Correct Sentence Motion under 28 U.S.C. § 2255" (Filing No. 97) is denied.
2. A separate Judgment will be issued; and
3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this October 31, 2005.

BY THE COURT:

s/Laurie Smith Camp
U.S. District Judge